UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

JEREMY STORM,

                        Plaintiff,

v.

GURR BROTHERS CONSTRUCTION, LLC,

                        Defendant.
_____/

Case No. 22-cv
Hon.

ERIC STEMPIEN (P58703)
LAUREN A. GWINN (P85050)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
lgwinn@stempien.com
_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT AND JURY DEMAND

Plaintiff, Jeremy Storm, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Gurr Brothers Construction, LLC, and in support thereof states:

1. Plaintiff Jeremy Storm ("Storm" or "Plaintiff") is a resident of the City of Dearborn, Wayne County, Michigan.

1

2. Defendant Gurr Brothers Construction, LLC ("Gurr Brothers" or "Defendant") is a foreign limited liability company conducting systemic and continuous business in Oakland County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §2000e, et. seq.

## GENERAL ALLEGATIONS

4. Storm was employed at Gurr Brothers starting on or about August 22, 2021.

5. Storm was employed as a skilled tradesman/trade specialist performing mitigation and remediation services.

6. Storm was told that he would be paid $1,516.67 on the first and the fifteenth of each month, equaling $3,033.34 per month.

7. Storm's pay schedule was based on an hourly rate of $17.50.

8. Storm was a nonexempt employee as that term is defined by the Fair Labor Standards Act (FLSA).

9. Storm was working approximately 55 hours per week.

10. As a result of working approximately 55 hours per week, Storm was entitled to overtime pay for all hours beyond 40 per week, at a rate not less than 1½ times his regular wage.

11. Defendant never paid Storm his overtime rate.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME RATE

12. Plaintiff hereby incorporates by reference all previous paragraphs as though fully set herein.

13. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq., Defendant was required to pay wages to Plaintiff for all work performed, suffered, or permitted.

14. Defendant knew or had reason to believe that Plaintiff was working overtime each week.

15. At all relevant times, Defendant was an employer covered by FLSA.

16. At all relevant times, Plaintiff was an employee as defined under the Fair Labor Standards Act.

17. At all relevant times, Plaintiff did not have an exemption from overtime.

18. Overtime pay must be one and one-half times an employee's regular wage for each hour that the employee works in excess of 40 in one week.

19. Defendant had a duty to pay Plaintiff his overtime rate for hours over 40 per week.

20. Defendant's failure to pay Plaintiff overtime was done in a knowing, willful, purposeful, intentional, and bad faith manner.

21. Under the FLSA, any time actually worked by the employee is compensable.

22. At all relevant times, Plaintiff's hours over 40 hours were compensable under the FLSA at rate not less than 1½ times his normal rate.

23. Plaintiff was not properly compensated for all work performed for Defendant.

24. Defendant owes Plaintiff all unpaid overtime wages.

25. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Lauren A. Gwinn*
By: Lauren A. Gwinn (P85050)
Attorney for Plaintiff

Dated: December 16, 2022